UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: **19-60109-CR-RAR**

UNITED STATES OF AMERICA,

vs.

JOHN JOSEPH KLESS,

    Defendant.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM
## AND REQUEST FOR A VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

**COMES NOW,** the Defendant, JOHN JOSEPH KLESS, by and through undersigned counsel, and respectfully submits this sentencing memorandum and request for variance *if* this Court finds that Mr. Kless does not have a total offense score of 12. Mr. Kless respectfully submits that a reasonable sentence in this case is a sentence of 5 months incarceration, followed by 5 months home confinement, as agreed to by the parties in the plea agreement. As grounds in support thereof would state the following:

### ANALYSIS OF THE FACTORS UNDER 18 U.S.C. § 3553

A sentence of 27-33 months in prison (as recommended by the PSR) is unreasonable, and is greater than necessary to punish Mr. Kless in this case.

Since *Booker*, the Supreme Court has clearly stated that 18 U.S.C. § 3553(a) governs sentencing decisions, and that the Court may now consider arguments that specific guideline provisions fail to properly reflect § 3553(a) considerations, reflect unsound judgment, or that a different sentence is appropriate regardless. *Rita v. United States*, 127 S. Ct. 2456, 2465, 2468 (2007). Although courts must give consideration to the guidelines as one of the § 3553(a) factors, they cannot simply defer to policy decisions of the United States Sentencing Commission. *Rita*, 127 S. Ct. at 2463, 2465, 2468; *Gall v. United States*, 128 S. Ct. 586, 594-95 (2007). Sentencing courts may

disagree with a particular guideline on policy grounds, and may impose a non-guideline sentence because the guideline provision itself lacks basis in empirical data or study. *Kimbrough v. United States,* 128 S. Ct. 558, 566-69, 574-75 (2007). Although our post-Booker precedent makes it clear that the Guidelines are not to be taken lightly, a district court can properly deviate from the prescribed range even in the absence of extraordinary circumstances. *United States v. Pitts,* 2008 U.S. App. LEXIS 1384 (3d Cir. Jan. 24, 2008) (unpublished) *citing Gall v. United States,* 128 S. Ct. 586, 594-95, 169 L. Ed 2d 445 (2007); *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); *Cooper v. United States*, 437 F. 3d 324, 331 & n. 10 (3d Cir. 2006).

Considering the factors set forth in 18 U.S.C. § 3553(a), a sentence of 5 months incarceration, followed by 5 months home confinement is the reasonable and appropriate sentence in this case.

The statute provides:

The Court shall impose a sentence **sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider,

(1) the nature of the circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines...

(5) any pertinent [Guidelines] police statement...

(6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense 18 U.S.C. §3553(a)(Emphasis added.)

The sufficient-but-not-greater-than-necessary requirements is often referred to as the "parsimony provision". The Parsimony Provision is not just another "factor" to be considered along with the others set forth in Section 3553(a); it sets an independent limit on the sentence a court may impose. *See United States v. Denardi*, 892 F. 2d 269, 276-277 (3d. Cir. 1989)(Becker, J., concurring in part, dissenting in part).

Mr. Kless respectfully requests the Court consider the following factors:

### (1) **The Nature of the Offense and History of the Defendant**

(a) Nature of the offense:

Mr. Kless has no prior criminal history and accepts full responsibility for his offense and his criminal conduct. Mr. Kless notified the government early on that he was willing to plead guilty and avoid the necessity of a trial. Mr. Kless entered into a factual proffer and plea agreement with the Government. Mr. Kless has been compliant with probation and pre-trial release, and participating in a substance abuse counseling program. Mr. Kless is married with two children, for whom he cares and supports. Mr. Kless had a very profitable job, which he has lost due to this case. Mr. Kless has also been forced to move from his home due to the media attention surrounding this case.

## (2) The Need for the Sentence Imposed

The second factor under §3553(a); the need for the sentence to punish, deter, and rehabilitate, also supports the requested sentence. Mr. Kless has paid a great price for his criminal actions. He has been terminated from his employment. He has had to seek and achieve employment elsewhere. He has also been forced to move from his residence. Mr. Kless is remorseful for his actions and wishes that he could turn back the hands of time as he is emotionally devastated from everything that has happened. A sentence of 5 months incarceration followed by 5 months home confinement is just punishment for this crime, and will most certainly deter Mr. Kless from any future criminal activity. Such a sentence is also more than adequate to protect the public from further crimes of Mr. Kless.

Mr. Kless has no prior contact with the criminal justice system. He is remorseful and prepared to accept his punishment. He is a husband and a father. He has obtained new employment. Mr. Kless has the support of those in his community, who have written letters on his behalf, which are attached hereto.

Based upon conversations with the Government, the defense anticipates the government will honor the sentencing recommendation as itemized in the written plea agreement of 5 months incarceration followed by 5 months home confinement. PSR objections are being filed contemporaneously herewith.

WHEREFORE, Mr. Kless respectfully requests that this Honorable Court impose a sentence of 5 months incarceration followed by 5 months home confinement.

Respectfully Submitted,

/s/ John Musca, Esquire

Counsel for the Defendant
Florida Bar No: 163155

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 29th day July, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsels or parties who are not authorized to received electronically Notices of Electronic Filing.

Respectfully Submitted,

/s/ John Musca, Esquire
Counsel for the Defendant
Florida Bar No: 163155

## SERVICE LIST
USA vs. JOHN JOSEPH KLESS
CASE NO: 19-60109-CR-RAR
United States District Court, Southern District of Florida

John Musca, Esquire
Florida Bar No: 163155
Counsel for the Defendant
523 South Andrews Avenue, Suite 1
Fort Lauderdale, FL 33301
Phone No: (954) 357-0787
Fax No: (954) 514-7365
john@muscalaw.com

Marc Anton, Esquire
United States Attorney's Office
500 East Broward Blvd.
Fort Lauderdale, FL 33394
Phone No: (954) 660-5096
marc.anton@usdoj.gov

From: **Adam Cohen** <atc2448@icloud.com>
Date: Sat, Jul 20, 2019, 3:36 PM
Subject: Letter to Judge Ruiz
To: <idgurlx4325@gmail.com>

Dear Judge Ruiz,

Hello, my name is Adam T. Cohen and I am a Toyota Certified Master Automotive Technician. I've lived in Florida for just over 25 years and for 20 of those years, I've known the defendant, John Joseph Kless, and I am writing to you so hopefully you can get a glimpse of the kind of person that John is, instead of the person who made a mistake and said some very regrettable things.

For the majority of those years, I've worked directly next to him at the Toyota dealership. John has worked hard at becoming a Toyota Certified Master Technician over the years. He has become one of the leading technicians at our dealership and is their #1 transmission repair technician. He's been at the same dealership for about 20 years and the shop where we work is composed of many people from all different races, religions, and nationalities. John is one of the first people that management will call upon to make sure something gets fixed the right way and he will be the first one to stop what he is doing to go and help any one of his coworkers, doesn't matter who it is, he was there to help.

One of Johns most amazing qualities is how much he loves being a Husband and Father. Johns father passed away when John was a young child, so he puts in a lot of time to be the best Dad to his 2 young children. His wife is his High School Sweetheart and they've been together ever since and as far as Husbands go, he is the most dedicated husband I know. He is the quintessential family man.

I understand that during these hypersensitive times, all types of threats need to be taken seriously. I do not condone anything that was said in those voicemails but I hope and pray for leniency at the time of sentencing and that you'll see that separating this man from his family is not an appropriate punishment, in my opinion, for the offense that was committed. In the times I've spoken with John, he has expressed sincere remorse over what has occurred and is truly sorry for the hurtful things that were said.

Your Honor, John is a good man that had a half hour lapse of judgment, and let his emotions get the best of him. There was never any intent to do any harm to anyone that was called and, through all of this, I think some valuable lessons have already been learned. Thank you for taking the time to read this and I pray that God give you wisdom and understanding in determining the outcome of this case.

God Bless,

Adam T. Cohen
6001 NW Flair Ct
Port St. Lucie, FL 34986

From: **NORMAN PONDER** <normanponder1974@yahoo.com>
Date: Sat, Jul 20, 2019, 6:35 PM
Subject: John Kless
To: <idgurlx4325@gmail.com>


To Judge Ruiz,

My name is Norman Frantz. I started working with John Kless in 2003 when I started in Al Hendrickson's service department. We quickly became friends and had a very good work relationship.                                                       Unfortunately, in 2007 I had to leave the company due to my troubles with alcoholism and compulsive gambling. In 2014 I returned to work at Al Hendrickson clean and sober for three years. I was very nervous coming back to work and seeing my old coworkers. The reason I bring this up is because John was one of the first people that knew me from before to welcome me back with open arms. He would talk to me from time to time to see how I was doing outside of work. We would always talk about family and how important they were to both of us. John would compliment me whenever possible and let me know how well I've been doing. John was  always  one of our most consistent, hard working techs at the dealership. Always there to offer a hand when needed. Especially to the up and coming, newer, inexperienced techs. He helped anyone. No matter there race or color.
 I pray and hope that there is some sort of leniency and forgiveness for what John is accused of. Like I mentioned before he is a hard working, proud man. Even more so he is a very caring and supportive husband and father.


Sincerely,

Norman Frantz
Service manager, Al Hendrickson Toyota

Your honor, Judge Ruiz:

Thank you, for allowing the chance to stand for and beside the father of my children; best friend.

John is not a harmful person. As his boss calls him, he is an emotional teddy bear. He helps everyone around him at work who asks or noticeably struggled in the 18 years at the same job and, at all other places he had worked before. He has never had a situation of concern with management, administration or his colleagues and, has many friends.

I've seen John help his neighbors in every community in which we've ever lived with no hesitation or request. If he sees anyone in need, he acts and always responds with kindness. John has never shown any intention to harm anyone. The issue he is facing is truly out of character.

My hope and intention is that you; everyone sees John through my eyes. John has given me 35 uninterrupted years of happiness, loyalty, devotion and love. He is the most loving husband and father, helpful friend and human being that learned the love of the USA from his Mother to had to flee Nazi Germany oppression to come to the US for safety. A good Mother who warned him of fascism, the deadly result of gun confiscation and tyranny, witnessed first hand as a young girl.

John has raised his two awarded "kids of character" to be loving respectful and friendly to EVERYONE.

Our boys and I are completely grateful to the Prosecutor for the deal to quickly close this case and a potential max sentence of 5 months in prison yet, I hope so much that you consider the least time possible for him to be away from us. Every single day that I / we have with him after a pretty hard situation a few years ago, is deeply cherished.

Than you,

On Thu, Jul 25, 2019, 10:17 AM Arturo Garcia <arturogarcia2177@yahoo.com> wrote:
Dear Judge Ruiz,

Hello sir, my name is Arturo Garcia. I am a supervisor for 23 yrs at a Toyota dealership. I known the defendant John Joseph Kless for 20 years he's a hero to me because he's amazing husband to his wife Kim Kless and a awesome father to his boys Logan & Dolton Kless, most of all John is a hard working man always on time willing to help others at work and share his tools to other technician who can't afford to buy tools. He always treated me like I was part of the family having Thanksgiving with his family inviting me over for 4th of July BBQ. John is not a trouble maker Your Honor, He goes to work and when he's done he looks forward to going home & being with his family. They are always together and do everything together as a family I honor that in a man in these times we are living.

I don't condone what John did. We are living in a period of times where we have to watch what we say. We are living in sensitive times right now and we have to be really cautious how we express ourselves. All kinds of threats need to be taken seriously.

Your Honor,
I know for a fact that John Joseph Kless learned a valuable lesson from all this and he's humbled by this experience. I can assure you that this experience has changed him for the better. I pray that the LORD give you wisdom, guidance & understanding through this process of the defendant case. God Bless you Judge Ruiz it's a honorable title you hold and thank you what you do for us and our Country.

God Bless,


Arturo Garcia
6126 NW 20 St.
Margate FL, 33063

Sent from Yahoo Mail on Android

On Thu, Jul 25, 2019, 7:40 PM ROBERT MCGRATH <bobmcgrath14@icloud.com> wrote:

To whom it may concern.

I'm have known John Kless for over 15 years

He has always been a honest and hard working employee. John is a great husband and father who's children anyone would be proud of. He has been a good Friend and someone someone who I can count if needed

Whether it's helping a fellow tech with a concern on a car or helping them move into their new home. Please take into consideration these traits that you may not see on paper and can only find by knowing him

Sincerely
Robert McGrath

Sent from my iPhone

From: **Angelo Leto** <aplpartsman@gmail.com>
Date: Sun, Jul 21, 2019, 9:21 PM
Subject: To all
To: <idgurlx4325@gmail.com>

My name is Angelo Leto this is in response to my friend John Kless i have know John and his wife and sons for over 12 years working together and family bbq and movie nights. He is a good person we always got along helping each other at work and home .I hope this letter can help you see that John is a good person heart and soul .                with respect Angelo Leto